51 F.3d 269
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Odinga Antonio MACK, Defendant-Appellant.
 No. 94-5710.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 15, 1995.
Decided March 30, 1995.
 
 Langdon D. Long, Assistant Federal Public Defender, Columbia, SC, for appellant. J. Preston Strom, Jr., United States Attorney, Kelly E. Shackleford, Assistant United States Attorney, Columbia, SC, for appellee.
 Before RUSSELL and WILLIAMS, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Odinga Antonio Mack entered a guilty plea to being a felon in possession of a firearm, in violation of 18 U.S.C.A. Sec. 922(g) (West Supp.1994), and was sentenced to imprisonment of forty-six months. His attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising two issues but stating that, in his view, there are no meritorious issues for appeal. Mack did not file a supplemental brief, although he was advised of his right to do so.
 
 
 2
 The arguments raised by counsel are without merit. Counsel asserts that Mack's guilty plea was not knowingly entered because the district court did not advise Mack that his statements made at the Fed.R.Crim.P. 11 proceeding might later be used against him in a prosecution for perjury. The record reflects that Mack was not questioned in the manner contemplated by Rule 11(c)(5), so the court was not obligated to inform him of the penalty for perjury.
 
 
 3
 Counsel complains about the timing of the district court's discussion of the sentencing guidelines. The record reflects that the court informed Mack of the maximum sentence that could be imposed. The court did not discuss the sentencing guidelines until after Mack's plea was accepted. However, the court then fully explained how the guidelines might apply, and Mack acknowledged that he understood the court's explanation. The forty-six month sentence imposed was significantly less than the statutory maximum and was at the lowest end of the applicable guideline range. Any error in discussing the guidelines after the plea was accepted was harmless. See Fed.R.Crim.P. 11(h).
 
 
 4
 As required by Anders, we have independently reviewed the record and all pertinent documents. We have considered all possible issues presented, and we conclude that there are no nonfrivolous grounds for appeal. Because the record discloses no reversible error, we affirm Mack's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 5
 This Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this Court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.
 
 
 6
 AFFIRMED.